# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| RHODA STAHMANN, <br><br>            Plaintiff, <br><br> v. <br><br> BRETT LUDWIG, <br><br>            Defendant. | Case No. 24-CV-122-JPS |
| RHODA STAHMANN, <br><br>            Plaintiff, <br><br> v. <br><br> ERIC MUELLENBACH, <br><br>            Defendant. | Case No. 24-CV-123-JPS |

## 1.    INTRODUCTION[1]

On January 30, 2024, Rhoda Stahmann ("Plaintiff") filed the above-captioned actions against District Judge Brett H. Ludwig ("Judge Ludwig") and Fond du Lac County Sheriff's Department Detective Eric Muellenbach ("Muellenbach"), respectively. 24-CV-122 ECF No. 1; 24-CV-123 ECF No. 1. Plaintiff also moves for leave to proceed in forma pauperis in both actions. 24-CV-122 ECF No. 2; 24-CV-123 ECF No. 2. Those motions, and the

---

[1] Citations to filings in Case No. 24-CV-122-JPS will be delineated "24-CV-122 ECF No. __" and citations to filings in Case No. 24-CV-123-JPS will be delineated "24-CV-123 ECF No. __."

screening of Plaintiff's complaints, are now before the Court. For the reasons discussed herein, the Court will dismiss both cases with prejudice, deny both motions for leave to proceed in forma pauperis, and impose both monetary sanctions and a filing bar on Plaintiff.

## 2.     MOTIONS TO PROCEED IN FORMA PAUPERIS

On the question of indigence, although Plaintiff need not show that she is totally destitute, *Zaun v. Dobbin*, 628 F.2d 990, 992 (7th Cir. 1980), the privilege of proceeding in forma pauperis "is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them," *Brewster v. N. Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972).

Preliminarily, the Court makes a few observations. Plaintiff has a litigious history in this District, having filed four prior cases related to the same (or nearly the same) core set of facts that she raises once again in the above-captioned actions. *See Stahmann v. Fond du Lac Cnty. Sheriff's Dep't, et al.*, No. 22-CV-205-PP (E.D. Wis. Feb. 17, 2022) ("22-CV-205-PP"); *Stahmann v. Menzel, et al.*, No. 23-CV-1192-BHL (E.D. Wis. Sept. 8, 2023) ("23-CV-1192-BHL"); *Stahmann v. Pierce*, No. 23-CV-1685-BHL (E.D. Wis. Dec. 15, 2023) ("23-CV-1685-BHL"); *Stahmann v. Wray*, No. 23-CV-1724-BHL (E.D. Wis. Dec. 26, 2023) ("23-CV-1724-BHL").

In her prior cases, Plaintiff made inconsistent statements as to her indigency in her motions to proceed in forma pauperis. *See, e.g.*, 23-CV-1685-BHL ECF No. 4 at 2 (E.D. Wis. Dec. 28, 2023) ("This is the fourth IFP motion [Plaintiff] has filed in this Court in the last few months . . . . [Plaintiff] reports different income, expenses, and assets in each of these motions. This is problematic, particularly because she signed all of the motions under penalty of perjury."); 23-CV-1724-BHL ECF No. 5 at 2 (E.D. Wis. Jan. 11,

2024) (same). Plaintiff has also previously demonstrated "disrespect[] [for] the Court and other litigants who legitimately demonstrate . . . their need" by listing alcohol and adult toys as other "property of value" in her motions to proceed in forma pauperis. No. 23-CV-1192-BHL ECF No. 8 at 2 (E.D. Wis. Nov. 2, 2023). At the outset, therefore, the Court views Plaintiff's statements as to her indigency with some skepticism.

Plaintiff avers that she is employed and married. 24-CV-122 ECF No. 2 at 1; 24-CV-123 ECF No. 2 at 1. Her spouse is also employed. *Id.* She has three dependents. *Id.* In one motion, she states that she earns approximately $2,000 per month in wages; in the other, filed the very same day, she states that she earns approximately $1,900 per month in wages. 24-CV-122 ECF No. 2 at 2; 24-CV-123 ECF No. 2 at 2. She does not list her spouse's wages because she asserts that they will be divorced in February 2024. *Id.* Her monthly expenses total approximately $933, though she also has an outstanding dental bill in the amount of $3,600. 24-CV-122 ECF No. 2 at 2–3; 24-CV-123 ECF No. 2 at 2–3. She owns her car, though there is a lien on it, and she has a retirement account with a value of which she is "unsure." 24-CV-122 ECF No. 2 at 3–4; 24-CV-123 ECF No. 2 at 3–4.

Plaintiff's monthly earnings, which exceed her monthly expenditures, surpass the resources available to most pro se litigants moving to proceed without prepayment of the filing fee before this Court. The Court therefore finds that Plaintiff is not indigent and has sufficient resources to pay the filing fees in both actions.

However, the inquiry does not end there. Although the Court typically reserves the exercise of screening a complaint for those situations in which the litigant proceeds without prepayment of the filing fee, the Court may nevertheless choose to screen a complaint for all litigants,

regardless of fee status. *Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003) ("District judges have ample authority to dismiss frivolous or transparently defective suits spontaneously, and thus save everyone time and legal expense. This is so even when the plaintiff has paid all fees for filing and service . . . ."); *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999) ("[D]istrict courts have the power to screen complaints filed by all litigants . . . regardless of fee status."). Given Plaintiff's litigious history in this District, the Court will do so in this case.

3.    **SCREENING**

    **3.1    Standards**

    Notwithstanding the payment of any filing fee, the Court may screen a complaint and dismiss it or any portion thereof if it raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *Hoskins*, 320 F.3d at 763; *Rowe*, 196 F.3d at 783. A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The Court may dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

    To state a claim, a complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This rule "requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud." *United States, ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003).

### 3.2 Plaintiff's Allegations

As noted above, the core set of facts in all of Plaintiff's cases—her four prior cases and the two above-captioned pending cases—are the same or nearly the same. The Court first summarizes the facts as pleaded in Plaintiff's four prior cases.

In March 2021, Plaintiff was issued a stimulus check, which was cashed at a Wal-Mart in Oshkosh, Wisconsin in April 2021. 22-CV-205-PP ECF No. 13 at 2; 23-CV-1192-BHL ECF No. 8 at 3. Plaintiff contended that she did not endorse her name on the check and that it was stolen and cashed by someone else. 22-CV-205-PP ECF No. 13 at 3; 23-CV-1192-BHL ECF No. 8 at 3. She contacted the Fond du Lac County Sheriff's Department in October 2021, and Muellenbach was assigned to her case. 22-CV-205-PP ECF No. 13 at 3; 23-CV-1192-BHL ECF No. 8 at 3. Plaintiff asserted that Muellenbach made up evidence, including a video from Wal-Mart that he claimed showed Plaintiff cashing her stimulus check, and participated in a scheme to steal her stimulus check. 22-CV-205-PP ECF No. 13 at 3; 23-CV-1192-BHL ECF No. 8 at 3–4. Plaintiff contacted Muellenbach again in December 2021, when she alleged he showed her a different video with different time stamps than the first video. 23-CV-1192-BHL ECF No. 8 at 4. At some point, charges were filed against Plaintiff, though her pleading of those facts was described as "jumbled" and "hard[] to follow." 23-CV-1192-BHL ECF No. 8 at 4; 23-CV-1685-BHL ECF No. 4 at 3. Her phone number was later blocked by the FBI's public tip line when she attempted to file reports and produce evidence against Wal-Mart security and the Fond du Lac County Sheriff's Department. 23-CV-1724-BHL ECF No. 5 at 3.

Turning to the above-captioned cases, in Case No. 24-CV-122, Plaintiff sues Judge Ludwig for dismissing her last-filed case, Case No. 23-

CV-1724-BHL, without granting leave to amend. 24-CV-122 ECF No. 1 at 4 ("There for should of [sic] been given a chance to rewrite it at most . . . ."). She also generally alleges that Judge Ludwig's conclusions in No. 23-CV-1724-BHL were wrong. 24-CV-122 ECF No. 1. Plaintiff seeks $10 million in punitive damages, $2 million in compensatory damages, a ruling that Judge Ludwig committed an unlawful act, and statutory damages. *Id.* at 14.

In Case No. 24-CV-123, Plaintiff sues Muellenbach for allegedly deleting a file from the Fond du Lac County Sheriff's Department computer system in October 2021, which she contends is proven by a computer print-out from the Fond du Lac County Sheriff's Department. 24-CV-123 ECF No. 1 at 3; 24-CV-123 ECF No. 1-1. She received the computer-print out showing the allegedly deleted file on February 17, 2022. 24-CV-123 ECF No. 1 at 5. Plaintiff avers that Muellenbach's deletion of a file amounts to destruction of evidence, and she specifically asserts that this claim is distinct from her prior claims against Muellenbach. 24-CV-123 ECF No. 1 at 4, 6. Plaintiff seeks relief "in the publics [sic] interest for . . . taking one's life, liberty, and property," $5.5 million in compensatory damages, punitive damages, statutory damages, and legal fees. *Id.* at 10–11.

### 3.3    Analysis

#### 3.3.1    Case No. 24-CV-122

Case No. 24-CV-122 against Judge Ludwig is frivolous. "Judges are absolutely immune from suit for money damages." *Wilson v. Hart*, 47 F. Supp. 2d 966, 969 (N.D. Ill. 1999) (citing *Mireles v. Waco*, 502 U.S. 9, 9 (1991)). "Judicial immunity is immunity from suit, not just from assessment of damages." *Id.* (citing *Mireles*, 502 U.S. at 10). Judicial immunity is overcome "in two instances: (1) a judge is not immune for nonjudicial actions, and (2) a judge is not immune for judicial action taken in the absence of all

jurisdiction." *Id.* (citing *Mireles*, 502 U.S. at 10). A complaint regarding a "Judge['s] . . . actions in denying several of [Plaintiff's] motions and ultimately dismissing h[er] case," which is Plaintiff's contention here, does not overcome the shield of judicial immunity. *Martin v. Brady*, No. 1:20-CV-447, 2020 WL 7321165, at *4 (N.D. Ind. Dec. 10, 2020) (quoting *Stanley v. Posner*, No. 09-223, 2009 WL 1097787, at *2 (S.D. Ill. Apr. 22, 2009)).

To the extent that Plaintiff's request for a ruling that Judge Ludwig committed an unlawful act is a request for declaratory relief, that request is moot as no actionable case or controversy exists. *Wilson*, 47 F. Supp. 2d at 970 ("[T]he proceedings before the federal judges have concluded [and the plaintiff] does not contend that their allegedly illegal conduct towards him is ongoing.") (citing *Ragsdale v. Turnock*, 842 F.2d 1358, 1365 (7th Cir. 1988) (finding that a plaintiff's conclusory assertions that the challenged actions were capable of repetition were not sufficient to avoid mootness)). Plaintiff has already filed a notice of appeal of Judge Ludwig's decision, and she may challenge it in the appellate forum. 23-CV-1724-BHL ECF No. 7 (Jan. 18, 2024). *See Caudle v. Am. Arbitration Ass'n*, 230 F.3d 920, 922 (7th Cir. 2000) ("[A] litigant files an appeal, rather than suing the judge or the court or which the judge is a member, if he does not like decisions by the trial court . . . ."). Accordingly, Case No. 24-CV-122 will be dismissed with prejudice as frivolous.

### 3.3.2   Case No. 24-CV-123

Judge Ludwig recently dismissed one of Plaintiff's prior actions under the doctrine of claim preclusion, explaining that he had already resolved Plaintiff's claims on their merits in a prior order. 23-CV-1685-BHL ECF No. 4 at 3 (citing 23-CV-1192-BHL). Plaintiff appears to try to circumvent that doctrine in Case No. 24-CV-123 by alleging the ostensibly

new fact and allegation that Muellenbach destroyed evidence. Plaintiff's argument is without merit.

Claim preclusion applies "when there exists: (1) an identity of the causes of actions; (2) an identity of the parties or their privies; and (3) a final judgment on the merits." *Bernstein v. Bankert*, 733 F.3d 190, 226 (7th Cir. 2013) (quoting *Kratville v. Runyon*, 90 F.3d 195, 197 (7th Cir. 1996)). As to the first element, "[a] claim is deemed to have 'identity' with a previously litigated matter if it is based on the same, or nearly the same, factual allegations arising from the same transaction or occurrence." *Id.* (quoting *Kratville*, 90 F.3d at 198). This standard is "an outgrowth of the rule that a party must allege in one proceeding all claims and/or counterclaims for relief arising out of a single occurrence, or be precluded from pursuing those claims in the future." *Id.* at 227 (citing *Shaver v. F.W. Woolworth Co.*, 840 F.2d 1361, 1365 (7th Cir. 1988)). In other words, the doctrine "operates as a bar to the litigation of matters that could have been raised in a prior proceeding" and "prevents the splitting of a single cause of action . . . as the basis for separate suits." *Shaver*, 840 F.2d at 1365 (citing *Lee v. City of Peoria*, 685 F.2d 196, 198 (7th Cir. 1982) and *Button v. Harden*, 814 F.2d 382, 384 (7th Cir. 1987)).

All three elements of claim preclusion are present here. First, Plaintiff's claim that Muellenbach destroyed evidence is related to "nearly the same" factual allegations arising from the same transaction or occurrence as alleged in her four prior suits. *Bernstein*, 733 F.3d at 226 (quoting *Kratville*, 90 F.3d at 198). Plaintiff alleged in all four of her prior cases that Muellenbach fabricated evidence and worked as part of a scheme to steal her stimulus check, which led to charges being filed against her. Muellenbach's alleged destruction of evidence is part and parcel of these

same allegations. Further, Plaintiff contends that she received the computer print-out showing the allegedly deleted file on February 17, 2022, which was the date that she filed her first lawsuit related to these events. 24-CV-123 ECF No. 1 at 5; 22-CV-205-PP. She could have raised this claim in any of her four prior proceedings related to Muellenbach's investigation of the stimulus check incident without changing the core operative facts.

Second, Muellenbach was a named defendant in two of Plaintiff's prior lawsuits. 22-CV-205-PP; 23-CV-1192-BHL. Finally, a final judgment on the merits was entered in both cases in which Muellenbach was a named defendant. 22-CV-205-PP ECF No. 16 (May 24, 2022); 23-CV-1192-BHL ECF No. 9 (Nov. 2, 2023). In the time since those judgments were entered, as earlier noted, Judge Ludwig has dismissed Plaintiff's attempts to raise claims against other defendants related to the same set of facts based on claim preclusion. 23-CV-1685-BHL ECF No. 4 at 3 (citing 23-CV-1192-BHL). For all these reasons, Plaintiff's latest missive, Case No. 24-CV-123, will also be dismissed with prejudice on the basis of claim preclusion.

4.    MONETARY SANCTIONS AND FILING BAR

Plaintiff has demonstrated that she will not be deterred from filing lawsuits related to Muellenbach's investigation of the stimulus check incident and the aftermath of that investigation, no matter how frivolous those lawsuits may be, and no matter how many times she is put on notice of their frivolity. This Court is now the third to hear nearly the same facts arising out of the same underlying occurrence.

"[T]he right of access to the federal courts is not absolute . . . ." *In re Chapman*, 328 F.3d 903, 905 (7th Cir. 2003) (citing *United States ex rel. Verdone v. Cir. Ct. for Taylor Cnty.*, 73 F.3d 669, 674 (7th Cir. 1995)). It is the Court's responsibility to allocate its limited resources in a way that promotes the

interests of justice. *In re McDonald*, 489 U.S. 180, 184 (1989) ("Every paper filed with the Clerk of this Court, no matter how repetitious or frivolous, requires some portion of the institution's limited resources."). That aim cannot be achieved if, as Plaintiff would have it, the Court is forced to dedicate a disproportionate amount of its resources to reviewing, time and again, iterations of the same set of facts that have already been decided on their merits. Simply put, Plaintiff's conduct is an abuse of both the federal forum and the judicial process. She has consumed far more than her share of scarce and valuable judicial resources, and her pro se status does not "insulate her from sanctions for filing frivolous and meritless lawsuits." *Smith v. U.S. Dep't of Educ.*, No. 1:20-CV-474, 2021 WL 8894926, at *3 (N.D. Ind. Oct. 11, 2021).

The Court is accordingly entitled to implement sanctions that are "narrowly tailored to the type of abuse" and that do not "bar the courthouse door absolutely." *Chapman v. Exec. Comm. of U.S. Dist. Ct. for N. Dist. of Ill.*, 324 F. App'x 500, 502 (7th Cir. 2009) (collecting cases). "Such sanctions can include dismissal, monetary fines, and the imposition of a filing bar to restrict a plaintiff's ability to file new lawsuits." *Baston v. Carter*, No. 220CV00182JPHMJD, 2020 WL 7138631, at *2 (S.D. Ind. Dec. 7, 2020) (citing *Support Sys. Int'l, Inc. v. Mack*, 45 F.3d 185, 186 (7th Cir. 1995) and Fed. R. Civ. P. 11). Based on Plaintiff's specific form of misconduct, the Court has fashioned a sanction that involves both monetary sanctions and a filing bar.

First, Plaintiff will be indefinitely barred from filing in this District any lawsuit regarding the same (or nearly the same) factual allegations arising out of the Wal-Mart stimulus check incident, as investigated by Muellenbach and which allegedly later formed the basis for charges against

Plaintiff. The Clerk of Court will be directed to return unfiled any new complaints alleging facts arising from this incident.

Second, the Court will impose monetary sanctions. The Court has already determined that Plaintiff has the means to pay the filing fees in her above-captioned cases. Accordingly, a modest monetary sanction of $500.00—$250.00 as to each of Case Nos. 24-CV-122 and 24-CV-123—is appropriate. *See Smith*, 2021 WL 8894926, at *1, *3 ($1,000 sanction appropriate based on the plaintiff's financial situation where the plaintiff re-filed the same "frivolous lawsuit against the same defendants").

Third, and finally, until Plaintiff pays the $500.00 monetary sanction in full, which again represents a $250.00 fine as to each of Case Nos. 24-CV-122 and 24-CV-123, she will be barred from filing any paper in any case in this District, including new lawsuits related to a different set of facts than those set forth in this Order. This shall include motions for reconsideration, but it will not include notices of appeal or papers in "any criminal case in which [Plaintiff] is a defendant or any application for habeas corpus that [s]he may wish to file." *Mack*, 45 F.3d at 186 (citing *Sato v. Plunkett*, 154 F.R.D. 189 (N.D. Ill. 1994)); *see also Mucha v. Wisconsin*, No. 12-CV-00202-LA, 2013 WL 1498993, at *1 (E.D. Wis. Apr. 10, 2013) (motions for reconsideration fall within *Mack* bar) (citing *Lammers v. Ellerd*, 202 F.3d 273, 1999 WL 1075323, at *1–2 (7th Cir. Nov. 24, 1999) (imposing *Mack* bar)). The Clerk of Court will be directed to return unfiled any such papers until Plaintiff has paid the monetary sanction in full.

5.    **CONCLUSION**

In light of the foregoing, the Court will dismiss Case No. 24-CV-122 with prejudice as frivolous. The Court will dismiss Case No. 24-CV-123 with prejudice as barred by the doctrine of claim preclusion. The Court will

thus deny Plaintiff's motions for leave to proceed in forma pauperis in both actions. Finally, the Court has imposed on Plaintiff what it believes to be an appropriate and narrowly tailored sanction in the form of monetary sanctions and a filing bar.

Accordingly,

**IT IS ORDERED** that Plaintiff Rhoda Stahmann's motion for leave to proceed in forma pauperis in Case No. 24-CV-122, ECF No. 2, be and the same is hereby **DENIED**;

**IT IS ORDERED** that Plaintiff Rhoda Stahmann's motion for leave to proceed in forma pauperis in Case No. 24-CV-123, ECF No. 2, be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that Plaintiff Rhoda Stahmann shall be **INDEFINITELY BARRED** from filing in this District any lawsuit regarding the same (or nearly the same) factual allegations arising out of the Wal-Mart stimulus check incident, as investigated by Eric Muellenbach and which allegedly later formed the basis for charges against Plaintiff; the Clerk of Court shall **RETURN UNFILED** any new complaints alleging facts arising from this incident;

**IT IS FURTHER ORDERED** that Plaintiff Rhoda Stahmann shall **PAY** to the Clerk of the Court a monetary sanction in the amount of $250.00 for the frivolous filing of Case No. 24-CV-122;

**IT IS FURTHER ORDERED** that Plaintiff Rhoda Stahmann shall **PAY** to the Clerk of the Court a monetary sanction in the amount of $250.00 for the frivolous filing of Case No. 24-CV-123;

**IT IS FURTHER ORDERED** that until Plaintiff Rhoda Stahmann pays in full both the $250.00 monetary sanction in Case No. 24-CV-122 and the $250.00 monetary sanction in Case No. 24-CV-123, she will be **BARRED**

from filing any paper in any case in this District, including any new lawsuits and any motions for reconsideration, but excluding notices of appeal or papers in any criminal case in which she is a defendant or any application for habeas corpus; the Clerk of Court shall **RETURN UNFILED** any such papers;

**IT IS FURTHER ORDERED** that Case No. 24-CV-122 be and the same is hereby **DISMISSED with prejudice** as frivolous; and

**IT IS FURTHER ORDERED** that Case No. 24-CV-123 be and the same is hereby **DISMISSED with prejudice** as barred by the doctrine of claim preclusion.

The Clerk of Court is directed to enter judgments in Case Nos. 24-CV-122 and 24-CV-123 accordingly.

Dated at Milwaukee, Wisconsin, this 2nd day of February, 2024.

BY THE COURT:

_____

J. P. Stadtmueller
U.S. District Judge

This Order and the judgment to follow are final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **thirty (30)** days of the entry of judgment. See Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate in a case.